This was a bill filed for the recovery of certain legacies, and the settlement of an estate in the hands of the execu - tors.
A father he. qu.eaths legacies to tl'.s children of a deceasedsonr This shall not be con-r.trued to be in salis&c* tion of a debt due by tin; father to the son’s estate,
There were many points disputed in this case, but they were chiefly questions of fact, and of account, and involved no point of any importance but one. It was as follows: Francis Rose, the father of Thomas Rose, was indebted to the latter on a stated account, appearing on the son’s books. After the son’s death, the father got possession of the books and papers of his son; and at his own death be left them in the condition he found them, the charge open and subsisting. He bequeathed several legacies to bis grand children, the children of his son Thomas.
It was contended for the complainants, who were interested in the father’s estate, that these legacies were given in satisfaction of the debt above mentioned.
The court however stated, that it could not discover any thing like an intention in the testator to give the legacies to his grand children in satisfaction of this debt to bis son; nor any design to make the legacies conditional, and to depend upon the executor of the son releasing the debt due by the father to the son’s estate» That unless there had appeared an intention in the testator to do this, the court would not raise, such a presumption. For the doctrine that legacieswcre generally supposed tobebequeath-ed in satisfaction of pre-existing debts (which had many limitations) could not have any application to this case. The debt due by the father was to the son’s estate — the legacies were to the grand children — they were indistinct rights — creditors, and perhaps legatees of the son, might have an interest in the son’s estate, so that the executors of the son could not properly release the deb t. The court therefore decreed in favor of the legacies to the grand children, without considering the same to be in satisfaction of the debt.